UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-20630-CR-LENARD/O'SULLIVAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LOUIS N. GALLO, III,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the Defendant Louis Gallo's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 213, 12/10/13).

## BACKGROUND

The defendant is charged by indictment, in the Southern District of Florida, with one count of conspiracy to commit mail and wire fraud in violation of Title 18, United States Code, Section 1349, five counts of mail fraud in violation of Title 18, United States Code, Section 1341, six counts of wire fraud in violation of Title 18, United States Code, Section 1343, conspiracy to commit money laundering in violation of Title 18, United States Code, Section 1956(h) and eight counts of money laundering in violation of Title 18, United States Code, Section 1957. See Indictment (DE# 3, 8/30/12).

On October 18 and 23, 2012, United States Magistrate Judge Chris McAliley held a hearing pursuant to 18 U.S.C. § 3142(f) to determine whether the defendant

should be detained prior to trial. Following that hearing, Judge McAliley issued a Detention Order (DE# 68, 10/30/12). Judge McAliley found that the defendant was a risk of flight and had a substantial incentive to flee this jurisdiction given the seriousness of the offenses charged in the Indcitment. See Detention Order (DE# 68 at 7, 10/30/12). Specifically, Judge McAliley found that:

> If convicted, Gallo is likely to be sentenced to a lengthy period of incarceration. Were he to leave this jurisdiction, he would not be leaving behind any meaningful assets. Gallo has previously successfully been released on bonds, however those bonds were substantially collateralized, and Gallo reasonably expected in those instances that he likely would not be sentenced to substantial incarceration. Given the scope of Gallo's alleged fraud, and the documentation of his enormous financial profit, and the evidence of transfers of some of those monies abroad, and his travel to Mexico and the Bahamas, the Court is concerned that Gallo may have access to money abroad if he were to flee. Gallo appears to be an intelligent and sophisticated [person] in business and finance, who would have the capacity to establish himself beyond the reach of this Court.

Id.

On December 13, 2012, the defendant moved for reconsideration and a rehearing on the issue of pretrial detention. See Defendant's Motion for Reconsideration and Rehearing (DE# 90, 12/13/12). The motion was denied by Judge McAliley on December 14, 2012. See Order Denying Defendant's Motion for Reconsideration (DE# 94, 12/14/12). The defendant appealed this ruling and the Court denied the appeal and adopted Judge McAliley's Pretrial Detention Order. See Order Denying Defendant's Appeal of the Pretrial Detention Order and Request for De Novo Hearing (D.E. 101) and Adopting the Magistrate Judge's Pretrial Detention Order (D.E. 68) (DE# 113, 1/25/13).  On May 15, 2013, the defendant filed another motion seeking reconsideration of the Detention Order. See Motion to Revisit the Order of Pre-Trial

Detention (DE# 131, 5/15/13). The matter was referred to Judge McAliley and on June 4, 2013, Judge McAliley issued an Order denying the relief requested. See Order Denying Defendant's Motion to Revisit Order of Pre-Trial Detention (DE# 136, 6/4/13).

On December 10, 2013, the defendant filed the instant motion for reconsideration. See Defendant Louis Gallo's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 213, 12/10/13).[1] The government filed its response in opposition on December 17, 2013. See Government's Response to Defendant Gallo's Fourth Request to Reopen the Pretrial Detention Hearing (DE# 221, 12/17/13). The defendant filed his reply on March 3, 2014. See Defendant Louis Gallo's Reply to Government's Response to Defendant's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 256, 3/3/14). This matter is ripe for consideration.

## ANALYSIS

The defendant seeks reconsideration of this Court's Detention Order (DE# 68, 10/30/12). See Defendant Louis Gallo's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 213, 12/10/13). The Detention Order states that the defendant was a principal of an investment company, Commodities Online, LLC (hereinafter "COL"). See Detention Order (DE# 68 at 3, 10/30/12). The Detention Order further states that on March 15, 2011, after the Securities and Exchange Commission (hereinafter "S.E.C.") served subpoenas on COL, the defendant directed the transfer of

---

[1] This motion was initially referred to Judge McAliley. The defendant moved to recuse Judge McAliley and on December 18, 2013, Judge McAliley entered an Order of Recusal (DE# 224, 12/18/13).

approximately $7 million from COL and that much of these funds went to accounts in Mexico. Id. at 4. In late March 2011, the defendant's father traveled to Mexico and bank records showed that approximately $300,000 of the money that left COL accounts in late March of 2011 was then used by the defendant for the bond premium and collateral for a $1 million corporate surety bond in July 2011 following his arrest for a supervised release violation. Id.

The defendant argues that he has obtained new evidence through discovery and from testimony produced in the S.E.C.'s pending civil litigation which warrants a reconsideration of the Court's prior ruling. See Defendant Louis Gallo's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 213 at 8-9, 12/10/13). The defendant argues that this new evidence shows that: (1) as far back as November 2010, COL began working on a contract to procure iron ore as evidenced by work performed by the law firm of Garcia, Ivy and Miller, P.A. in furtherance of the contract, (2) the funds transferred to Mexico were sent by Kathy Josselson, the C.F.O. of COL, and required the documentation and approval by management before the funds could be wired to Mexico in accordance with Ms. Josselson's practice and procedure, (3) the funds sent by COL to Mexico "were used in a manner consistent with a mining and processing operation" and sent to Mexican entities unrelated to the defendant and his family, (4) the commission payment made by COL to broker Brik Import-Export (hereinafter "Brik") was earned when the buyer supplied COL with a letter of credit and (5) the defendant's father's trip to Mexico in March 2011 was unrelated to COL's money transfers. Id. at 9-11. The defendant argues that this new evidence "shows that Mr. Gallo was not the recipient of any of the funds [that were wired to

4

Mexico] and that the only reason funds were sent to Mexico was in furtherance of the [iron ore] contract." Id. at 14.[2]

The government opposes the relief requested on the basis that the defendant has presented no new evidence and that the Court, "correctly found by the preponderance of the evidence that the defendant poses a serious flight risk and should be detained pending trial." See Government's Response to Defendant Gallo's Fourth Request to Reopen the Pretrial Detention Hearing (DE# 221 at 7, 12/17/13). In his reply, the defendant maintains that this "new evidence shows that all of the funds wired to business entities in . . . Mexico were directly connected to the iron ore business contract and that the iron ore transaction was completely legitimate and not just a 'purported' transaction." See Defendant Louis Gallo's Reply to Government's Response to Defendant's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 256 at 3, 3/3/14).

A detention hearing may be reopened if the Court finds that "information exists that was not known to the movant at the time of the hearing and that has a material

---

[2] The defendant also states that he has new evidence to refute Vernon Mims' statements to an F.B.I. agent on October 25, 2011 concerning the defendant and the co-defendant's frequent travel to Bimini and ownership of a bank account in Bimini. See Defendant Louis Gallo's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 213 at 15, 12/10/13). Mr. Mims is not mentioned in the Detention Order (DE# 68) and the defendant acknowledges that "the Court apparently did not rely on [Mr. Mims' statements] in reaching its decision to detain [the defendant] . . . ." Id. Because the Court did not rely on Mr. Mims' statements in issuing the Detention Order, the undersigned will not discuss the alleged new evidence purportedly refuting those statements. Moreover, the defendant has previously argued to this Court that the statements made by Mr. Mims were "completely false and without merit," see Motion to Revisit the Order of Pretrial Detention (DE# 131 at 2, 5/15/13), in a prior unsuccessful motion for reconsideration. See Order Denying Defendant's Motion to Revisit Order of Pre-Trial Detention (DE# 136, 6/4/13).

5

bearing" on the issue of detention. 18 U.S.C. § 3142(f). "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings v. Sch. Bd. of Hillsborough Cnty., 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "There are three major grounds which justify reconsideration: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." Id. at 1369 (citing Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc., 62 F. Supp. 2d 1316, 1331 (M.D. Fla. 1999); see also United States v. Edler, No. 13-60168-CR, 2013 WL 4543695, at *1 (S.D. Fla. 2013) (applying reconsideration factors set forth in Burger King, 181 F. Supp. at 1370 to motion for reconsideration/rehearing of a pretrial detention order).

On October 18 and 23, 2012, Judge McAliley held a full hearing and entered factual and legal findings supporting her Detention Order (DE# 68, 10/30/12). On three prior occasions, this Court has had the opportunity to revisit the defendant's pretrial detention ruling and has declined to do so. Thus, this is the defendant's fourth request for reconsideration of the Detention Order (DE# 68, 10/30/12). The arguments raised in the instant motion are not new and do not warrant a reconsideration of the Court's Detention Order (DE# 68, 10/30/12).

Many of the arguments raised by the defendant in the instant motion relate to the alleged legitimacy of the iron-ore operations in Mexico. The defendant cites to evidence that COL engaged a law firm to work on an iron ore contract as early as November

6

2010 and that two of the lawyers traveled to Mexico to view the operations.[3] The defendant also states that a report prepared by an accounting firm shows that the funds wired by COL to Mexico "were used in the manner consistent with a mining and processing operation" and not disbursed to the defendant or his family. See Defendant Louis Gallo's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 213 at 10, 12/10/13). In a prior motion for reconsideration, the defendant argued that he had retained an investigator who traveled to Mexico and prepared a report "proving the validity of [the defendant]'s Iron-Ore venture in Mexico." Defendant's Motion for Reconsideration and Rehearing (DE# 90 at 2, 12/13/12). Judge McAliley considered the alleged new evidence and denied the motion stating:

> I have carefully reviewed the Defendant's motion for reconsideration, in light of the considerable record already before this Court, and find that nearly all of the "new" information was, in fact, already presented to the Court, and that **the information presented in the motion would not have a material bearing on, or change, the Court's conclusion that the Defendant should be held in pretrial detention.**

See Order Denying Defendant's Motion for Reconsideration (DE# 94 at 2, 12/14/12) (emphasis added). On appeal from Judge McAliley's Order, the defendant again argued that he had a report from an investigator proving the legitimacy of the iron ore operations in Mexico. See Defendant's Appeal of Pretrial Detention Order and Request for De Novo Hearing (DE# 101 at 5, 12/27/12) (stating that an investigation "substantiated the allegations of the legitimacy of the Mexican iron ore transactions"). The Court denied the defendant's appeal. See Order Denying

---

[3] It is unclear how the defendant would not have known this information prior to his October 2012 pretrial detention hearing.

7

Defendant's Appeal of the Pretrial Detention Order and Request for De Novo Hearing (D.E. 101) and Adopting the Magistrate Judge's Pretrial Detention Order (D.E. 68) (DE# 113, 1/25/13).

Similarly, the argument that Ms. Josselson could not have wired the funds to Mexico at the defendant's direction without documentation and approval by management does not warrant reconsideration of the Court's Detention Order (DE# 68, 10/30/12). In a prior motion for reconsideration, the defendant argued that grand jury testimony showed that the defendant did not move money around and quoted to deposition testimony from a witness, co-defendant Rita Balbirer, suggesting that Ms. Josselson did not take direction from the defendant. See Motion to Revisit the Order of Pre-Trial Detention (DE# 131 at 2-3, 5/15/13). The government disputed the accuracy of the quote cited by the defendant and added that:

> [Kathryn Josselson] **has stated that Gallo directed her to move funds, including the millions that were wired to Mexico in the last two weeks of March of 2011. There are multiple emails where Gallo is providing detailed instructions to K. Josselson directing her to send large sums to Mexican bank accounts.** Again, these emails were provided to the defense on November 8, 2012.

Government's Response to Defendant Gallo's Motion "to Revisit" Pretrial Detention Order (DE# 134 at 5, 5/29/13) (emphasis added). The Court denied the defendants motion on the grounds that: (1) the defendant had not shown that the allegedly new evidence was not known to him at the time of his detention hearing and (2) **even if the evidence was new, "it w[as] not material to this Court's conclusion that the Defendant must remain in jail until his trial because he presents a risk of flight."** Order Denying Defendant's Motion to Revisit Order of Pre-Trial Detention (DE# 136 at

3, 6/4/13).

The defendant argues that a brokerage agreement between COL and Brik shows that Brik earned its commission when it received the buyer's letter of credit. This not new evidence because the defendant should have had access to a brokerage agreement between his own company, COL, and the broker COL retained. Similarly, the defendant states that new evidence shows that his father's trip to Mexico was unrelated to the transfer of funds to Mexico and relies on COL's attorney's testimony taken on October 6, 2011 and June 22, 2012, well before the October 2012 pretrial detention hearing. The defendant should have known about COL's own attorney's account of the trip to Mexico at the time of the October 2012 pretrial detention hearing. Even assuming, <u>arguendo</u>, that the aforementioned constitutes new evidence, it would not warrant reconsideration of the Court's prior Detention Order (DE# 68, 10/30/12).

The defendant also claims that the government "has found no evidence that [COL] funds used to pay the entities in Mexico went to the Defendant Gallo, and there is no evidence Defendant Gallo has any access to funds outside the United States." Defendant Louis Gallo's Reply to Government's Response to Defendant's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 256 at 4, 3/3/14). The standard for reconsideration is "new evidence" not "no evidence." Moreover, the government has provided a detailed explanation of how some of the money that was wired to Mexico returned to the defendant:

> After millions went to Mexico in March of 2011, some of it came back and was used for the other $150,000 of Gallo's supervised release bond. On May 25, 2011, a law office account #6060 was opened by Inger Garcia and her law partners for "foreclosure property escrow." Within days, on June 2 and June 15, 2011, about $471,000 was wired in from Mexico.

> **These funds came from one of the individuals [Mr. Cruzado] who had received funds from COL, although the amount directly sent to him from COL was about $40,000.** Some of the money went for an apparent property transaction with a memo that it related to Gallo's wife. Also, on July 6 a check was issued to Bail Yes "F/B Louis Gallo III" for $100,000 and on July 14, 2011, a check was issued to Universal Bond "per verbal instruction payment for bond" for $50,000. These checks were used for Gallo's supervised release bond.

Government's Response to Defendant Gallo's Fourth Request to Reopen the Pretrial Detention Hearing (DE# 221 at 7, 12/17/13) (emphasis added). In his reply, the defendant argues that because the $40,000 received by Mr. Cruzado from the COL March 2011 wire transfers was significantly less than the $471,000 wired from Mr. Cruzado to the law office account in June 2011, it could not have been the same money sent to Mexico in March 2011. See Defendant Louis Gallo's Reply to Government's Response to Defendant's Motion to Reopen Pretrial Detention Hearing and to Set Conditions of Release (DE# 256 at 4-5, 3/3/14). The point is that the government has shown that one of the individuals who received money from COL in March 2011 also wired money back to the United States that was used to pay the defendant's bond.

As outlined above, the arguments raised in the instant motion have already been considered and rejected by this Court. To the extent the defendant presents new evidence, this allegedly new evidence is insufficient to warrant reconsideration of the well-reasoned and detailed Detention Order (DE# 68, 10/30/12). Accordingly, the instant motion is **DENIED**.

## CONCLUSION

For the reasons stated herein, it is

ORDERED AND ADJUDGED that Defendant Louis Gallo's Motion to Reopen

10

Pretrial Detention Hearing and to Set Conditions of Release (DE# 213, 12/10/13) is

**DENIED**.

DONE AND ORDERED, in Chambers, at Miami, Florida this 25 day of March, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
United States District Judge Lenard
All counsel of record